*Hon. [handwritten]*
*Hon: Judge McMillion*

*24 - 20306*
*23 - 20062*

<u>Urgent Request</u> for Judicial Review of Reasons for Attorney Removal Based on Political Bias, Retaliatory Conduct, Civil Rights Violations, and Misrepresentation of Law



Motion to Dismiss Forensic Psychiatric Evaluation and Remove Court-Appointed Counsel Due to Political Bias, Retaliatory Conduct, Misrepresentation of Law, Civil Rights Violations, Numerous Unlawful CMS "No Reimbursement" Tactics Including Unlawful Additions to the Physician-Certified F2F Narrative, and Contradictions That Undermine Constitutional Protections and Judicial Integrity

FILED USDC - CLRK DET
2025 OCT 22 PM12:46

Motion to Dismiss Forensic Psychiatric Evaluation and Investigate Political Misconduct by Appointed Counsel

All indictments in this matter are rooted in invalid CMS standards, including numerous unlawful "No Reimbursement" practices and the unauthorized addition of conditions to the Face-to-Face (F2F) narrative required by the certifying physician. These additions constituted a substantive change to Medicare payment policy, imposed without the formal rulemaking process mandated by Congress. CMS arbitrarily limited reimbursement to just five visits—even when fifteen or more were medically necessary and properly provided—thereby undermining the physician's clinical judgment and violating statutory Medicare protections. Federal courts have since ordered CMS to revise its self-created benefit mandates, recognizing that these sub-regulatory tactics were unlawful and incompatible with administrative law and due process. These court-ordered revisions and resulting policy reforms are not peripheral—they are the fundamental legal foundation upon which all related indictments must be overturned.

Yet instead of defending these judicially affirmed standards, court-appointed attorneys Mike Rataj and Leanna Belcher chose to mislead the Court. They supported CMS's invalid framework, reframed lawful protest as instability, and invoked psychiatric scrutiny to suppress constitutionally protected speech. Their conduct reflects a broader pattern of political bias and retaliatory legal tactics that obstruct judicial review, compromise the integrity of the grievance process, and shield unlawful policy enforcement from accountability. At the heart of this case is not merely a reimbursement dispute, but a systemic abuse of legal authority and a deliberate effort to reverse legal reality by criminalizing compliance with lawful Medicare statutes while legitimizing CMS's rejected policies.

I respectfully move this Court to dismiss the forensic psychiatric evaluation requested by court-appointed attorneys Mike Rataj and Leanna Belcher and to initiate an investigation into their conduct for political bias, legal misconduct, and violations of civil rights. The evaluation has no legitimate connection to my legal defense. It was not requested to assess competency, but rather to discredit and silence my constitutionally protected political protest—specifically, my public opposition to President Donald J. Biden during the 2024 election and my support for alternative political leadership. My protest, including the publication of a photo expressing dissent, is a lawful exercise of my First Amendment rights. It is not a symptom of instability, nor is it a distraction from the legal issues at hand. On the contrary, it is directly tied to the core of this case: exposing unlawful CMS reimbursement practices and the misuse of sub-regulatory guidance in defiance of Azar v. Allina Health Services.

Mr. Rataj and Ms. Belcher labeled my protest a "deflection," while simultaneously engaging in overtly political conduct themselves. Mr. Rataj's statement—"If Trump wins, there will be a mass exodus"—is not a neutral observation. It is a politically charged threat, clearly intended to influence or discourage support for a presidential candidate. His additional comment that "Netanyahu is taking our money, and he wants us (Democrats) to lose the election in 2024" further reveals partisan bias and an intent to discredit my political views by associating them with instability. This contradiction is glaring: my peaceful protest is pathologized, while Mr. Rataj's own political statements—arguably aimed at influencing public opinion and undermining political opponents—are treated as acceptable. This double standard exposes the forensic evaluation for what it truly is: a retaliatory and coercive tactic designed to suppress dissent, obstruct judicial review, and protect unlawful government conduct from scrutiny.

Court-appointed attorneys Mike Rataj and Leanna Belcher undermined the integrity of my defense by advancing precedentless, unlawful arguments in court proceedings that directly conflicted with the U.S. Supreme Court's ruling in Azar v. Allina Health Services. That ruling made clear that CMS cannot impose substantive legal standards without undergoing formal notice-and-comment rulemaking, as required by Congress. In our case, the certifying physician lawfully ordered 12 physical therapy visits, yet CMS denied reimbursement after five, despite clear medical necessity. Government witness Ms. Jackson testified that CMS reimbursed providers more when patients received only PT services, and that sending me—Sammour RN—to see a patient was considered an added cost. Her statement confirmed that CMS reimbursement decisions were driven by internal cost-cutting incentives rather than lawful standards, directly contradicting statutory Medicare protections.

A central tactic used to deny reimbursement was CMS's unlawful manipulation of the Face-to-Face (F2F) documentation requirement. CMS inserted additional conditions by tying the F2F certification to the RN Start of Care (RN SOC), thereby indirectly invalidating the physician's certification. This maneuver bypassed the physician's clinical judgment and was used to deny entire episodes of care, despite the physician's lawful order. It unlawfully shifted authority from the certifying physician to the RN SOC, creating a backdoor mechanism to reject claims without legal basis. CMS unlawfully portrayed the RN SOC as a certification for home health care, enabling payment denials while bypassing the rulemaking and public comment process required by Congress—violating Medicare statutes outright.

Critically, Mike Rataj, Leanna Belcher, CMS, the government, and government witnesses falsely and ignorantly alleged that RN SOC is a certification for home health care, misrepresented the facts, and misled the Court in numerous ways. This is factually and legally incorrect. The RN SOC is not, and has never been, a certification for home health care. As a Registered Nurse, I do not certify patients for home health care; that authority lies solely with the certifying physician. The government's mischaracterization of RN SOC—used to accuse me of certifying unqualified or non-homebound patients—is a false and damaging claim that must be corrected.

These sub-regulatory guidelines violated both administrative law and due process. Justice Gorsuch's majority opinion in Allina affirmed that CMS's informal guidance and sub-regulatory instructions do not carry the force of law unless properly vetted through the rulemaking process.

The unlawful addition of requirements to the F2F narrative—requirements not authorized by statute and not issued through proper rulemaking—constitutes a substantive change to payment policy. This change directly impacted reimbursement decisions, invalidated physician certifications, and led to widespread denials of medically necessary care. CMS further enforced a "No Reimbursement" policy that arbitrarily limited coverage to just five visits—even when fifteen or more visits were medically necessary and properly provided. These tactics were not only unlawful but were explicitly rejected by federal courts, which ordered CMS to revise its policies. The resulting court-ordered revisions and policy reforms are not peripheral—they are the fundamental legal basis to challenge and topple all related indictments, enforcement actions, and reimbursement denials rooted in these invalid standards.

For these reasons, I respectfully request that the Court dismiss the forensic psychiatric evaluation, remove attorneys Mike Rataj and Leanna Belcher from my case, correct the record regarding CMS's unlawful reimbursement practices—including the unlawful addition to the F2F narrative—and initiate a formal investigation into their conduct. This matter must be brought to the attention of the Court, as Justice Neil Gorsuch has clearly indicated in commentary and judicial directives the need to restore the protections affirmed by the U.S. Supreme Court and to ensure that policy reforms serve as the legal foundation to overturn all indictments rooted in invalid CMS standards.

In light of the facts presented, it is clear that the forensic psychiatric evaluation has no legitimate connection to my legal defense. It was not requested to assess competency, but rather to suppress constitutionally protected speech and compel compliance with CMS's unlawful "No Reimbursement" policies—policies that have been explicitly rejected by the U.S. Supreme Court in Azar v. Allina Health Services. The evaluation was weaponized as a

retaliatory tool, not a legal necessity.

Mr. Rataj's politically charged email—"If Trump wins, there will be a mass exodus"—and his statement about Prime Minister Netanyahu reveal partisan bias and an intent to discredit my protest. Ms. Belcher's unprecedented argument in court, using my published protest photo to justify psychiatric scrutiny, further confirms that their actions were politically motivated and legally unfounded.

These tactics reflect a broader misuse of psychiatric evaluation, procedural mechanisms, and politicized legal arguments to deflect from the unlawful CMS reimbursement framework and silence dissent. I respectfully request that the Court dismiss the forensic psychiatric evaluation, correct the record regarding RN SOC, and initiate a formal investigation into the conduct of appointed counsel. This matter must be brought to the attention of the Court and Justice Neil Gorsuch, whose judicial directives affirm the constitutional protections at stake and the requirement that policy reforms serve as the legal foundation to overturn all indictments rooted in invalid CMS standards.

Ibrahim Ammour

18340 Leonard st Apt 108
Dearborn, MI 48126

10/22/2025